Grafton,
June 29, 1905.

KIMBALL & a. v. WATERMAN.

When a written contract for the sale of standing timber is unambiguous on its face, but it is found that there are two or more lots to which its terms will apply, oral evidence is admissible for the purpose of showing which tract was intended.

TRESPASS *de bonis asportatis*. Plea, the general issue, with a brief statement alleging that the defendant cut and removed the timber in question by virtue of a written contract with the plaintiffs. Trial before *Pike*, J., at the November term, 1904, of the superior court, and verdict for the plaintiffs.

In 1901, the plaintiffs owned two lots of land in West Lebanon, one north of the cemetery and the other in "the Glen." Part of the pine timber had been cut and removed from each lot, and that which remained was scattered over the lots in small clumps and

extended areas.    October 26, 1901, the defendant contracted with the plaintiffs as follows: "This is to show that Cornelia and Eunice M. Kimball have sold to T. P. Waterman one lot of pine timber situated on the Kimball property north of the cemetery and one lot of pine timber situated in the Glen, so-called, west and southwest of the property owned by Mrs. Marion Crawford, for and in consideration of two hundred dollars paid by Mr. Waterman to the Misses Kimball."

In 1902 and 1903, the defendant cut and removed most of the pine timber from these lots and sold the same.    He claimed that the contract entitled him to cut all the pine timber on the "Kimball property north of the cemetery," and excepted to the introduction of oral testimony tending to prove what portion of the pine timber thereon was the subject of the sale.

*Alonzo L. Chamberlin, Clarence E. Hibbard,* and *Ira Colby,* for the plaintiffs.

*Marshall D. Cobleigh* and *Scott Sloane,* for the defendant.

BINGHAM, J.    The defendant's contention is that the verdict must be set aside because oral testimony was introduced to prove that only a portion of the pine timber on the Kimball property north of the cemetery was included in the sale.    It is found that at the time of the sale the plaintiffs owned two lots of land in West Lebanon, one lot being north of the cemetery, the other in the Glen, and that the pine timber then remaining on the lots was scattered over them in small clumps and extended areas.    In the written agreement, the subject-matter of the sale is described as "one lot of pine timber situated on the Kimball property north of the cemetery and one lot of pine timber situated in the Glen." The contract upon its face is unambiguous; but when an attempt is made to apply it to the facts and circumstances surrounding the parties at the time it was made, it is found that there are two or more lots or areas of pine timber on each tract of land which answer its terms.    In other words, there is a latent ambiguity which permits the introduction of oral testimony to show what lot or area of pine on each tract of land was intended to be sold. *Pickering* v. *Pickering,* 50 N. H. 349; 1 Gr. Ev., ss. 286–288, 297–300.

*Exception overruled.*

All concurred.